# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLYNN SIMMONS, et al., | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) | Case No. CIV-17-908-SLP |
| MARY FALLIN, et al., | ) ) ) | |
|     Defendants. | ) | |

## **O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 23] of United States Magistrate Judge Shon Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin recommends that the Court: (1) dismiss, without prejudice, all Plaintiffs, with the exception of Plaintiff Simmons, on grounds of infeasible joinder; (2) order Plaintiff Simmons to file an amended complaint, asserting only claims specific to him; and (3) deny certain applications for joinder pending at the time the Report and Recommendation was entered.[1]

For the reasons set forth below, the Report and Recommendation is adopted, in part. The Court finds the Complaint should be dismissed without prejudice to refiling on the following grounds: (1) joinder is not feasible as to Plaintiffs, at least seven of whom are incarcerated individuals[2]; (2) Plaintiff, the All In One Project, a non-profit entity, is not

---

[1] Judge Erwin found that Plaintiff Simmons should be allowed to proceed in this action because he had paid the $400 filing fee. *See* R&R at 3. As explained *infra*, however, subsequent filings before the Court demonstrate that Plaintiff, the All In One Project, not Plaintiff Simmons, paid the filing fee.

[2] *See* R&R at 2, 4.

represented by counsel and, therefore, cannot proceed in this action; and (3) Plaintiff Gwendolyn Fields, a pro se individual, lacks standing to proceed, to the extent she purports to bring individual claims.

I. **Procedural History and Plaintiffs' Pro Se Representation**

Judge Erwin entered the Report and Recommendation on September 22, 2017. At that time, Plaintiffs were not represented by counsel. However, on that same date, Plaintiff Gwendolyn Fields moved for appointment of counsel and appointment of a special master. Ms. Fields signed the motion as "Gwendolyn Fields, *Pro Se*." *See* Motion [Doc. No. 25]. And again, on October 3, 2017, Plaintiff Gwendolyn Fields again moved for appointment of counsel and also moved for class certification. *See* Plaintiffs' Motion for Certification as a Class Action and Appointment of Counsel [Doc. No. 37]. Ms. Fields signed this motion as "Gwendolyn Fields, Lead Organizer, AllInOne Project."

Then, on October 10, 2017, attorney Max Hellman entered an appearance on behalf of all Plaintiffs. *See* Entry of Appearance [Doc. No. 45]. Shortly thereafter, on October 26, 2017, Mr. Hellman filed a Motion to Withdraw [Doc. No. 66], notifying the Court that Plaintiffs had terminated him as their counsel and had requested that he file a motion to withdraw.[3] On December 4, 2017, Judge Erwin granted Mr. Hellman's Motion. *See* Order [Doc. No. 76].

---

[3] The record demonstrates that Ms. Fields communicated to Mr. Hellman the decision to terminate him as counsel of record. *See* Mot. to Withdraw at 3, ¶ 10; *see also id.*, Ex. 1.

2

Also, on October 26, 2017, the same date that Mr. Hellman moved to withdraw, Ms. Fields objected to the Report and Recommendation. *See* Objection [Doc. No. 64]. Ms. Fields signed the Objection as "Gwendolyn M. Fields, Plaintiff Pro se" and as "Lead Organizer" of the All In One Project. *See id*. at 7. In the Objection, Ms. Fields represents that "Plaintiffs have mailed and are mailing notarized Limited Power of Attorney documents to the court to facilitate the request that All In One proceed as their representative." *See id*. at 4 n. 1.[4]

Most recently, on December 18, 2017, attorney Rand C. Eddy entered an appearance in this action. *See* Entry of Appearance [Doc. No. 78]. That filing expressly states that Mr. Eddy enters his appearance as counsel solely for Plaintiff Glynn Simmons. *See id*. To date, Mr. Eddy has submitted no other filings in this case.

In addition to these filings, multiple prisoners have submitted "Applications" purporting to request joinder in this case. The Applications are virtually identical and in wholly conclusory fashion state: "[t]he relief sought in this case will affect Petitioner [sic] in the same ways that it affects Plaintiffs." *See, e.g.*, Application [Doc. No. 26]. Multiple prisoners have also filed "Notices of Interested Party," The Notices are also virtually identical to one another and similarly state in wholly conclusory fashion: "I am writing and

---

[4] On November 2, 2017, Ms. Fields filed a "Notice of Plaintiffs Affidavit and Power of Attorney [Doc. No. 73]. She attaches Affidavits of the following Plaintiffs, purportedly granting her a "limited power of attorney" to act on their behalf in this litigation: Wadress H. Metoyer, Jr., Ricky Robertson, Wilbert Lee Nubine, Jonathan Davis, Marwin E. Battles, Darrell Wiggins and Reginald Green. *See* Affidavits [Doc. Nos. 73-1 through 73-7].

requesting to be added as an 'Interested Party' in support of 'Class' certification in . . . Case No. CIV-17-908, filed in this Court." *See, e.g.*, Notice [Doc. No. 63].

## II. Discussion

### A. Gwendolyn Fields and the All In One Project

The record before the Court demonstrates that this lawsuit has primarily been engineered by Ms. Fields as "lead organizer" of the non-profit entity, the All In One Project. The All In One Project is not currently represented by counsel. Nor has any licensed attorney submitted any filings on behalf of the All In One Project other than Mr. Hellman's Entry of Appearance and Motion to Withdraw, filed almost immediately after he entered his appearance.

In the filings with this Court, Plaintiffs affirmatively represent that Ms. Fields is not a licensed attorney. *See, e.g.*, Affidavit and Power of Attorney [Doc. No. 73-1] at 1, ¶ 7 ("I understand that Gwendolyn Fields is not licensed to practice law in the State of Oklahoma or any other State or Federal jurisdiction."). Ms. Fields also affirmatively represents that the All In One Project is "duly registered with the State of Oklahoma as a non-profit entity, and is a 501(c)(3) organization." *See* Notice [Doc. No. 36] at 1, ¶ 4. Ms. Fields further represents that the All In One Project paid the $400 filing fee. *Id.*, ¶ 1. Ms. Fields is not an incarcerated individual, but appears in this litigation as the "Lead Organizer" of the All In One Project. *See id.*, ¶ 2.[5]

---

[5] Judge Erwin found that "the body of the complaint clarifies that Ms. Fields is not suing as an individual Plaintiff, rather as representative of Plaintiff, 'All In One Project.'" *See* R&R at 2 n. 1. But subsequent filings before the Court make it less clear whether Ms. Fields purports to bring

It is well-settled that an individual, who is not an attorney admitted to practice law, is unauthorized to represent another person or entity. *See Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *see also* 28 U.S.C. § 1654. In this same vein, a non-profit organization may only appear through a licensed attorney. *Nato Indian Nation v. State of Utah*, 76 F. App'x 854, 856 (10th Cir. 2003) ("Individuals may appear in court pro se, but a corporation, other business entity, or non-profit organization may only appear through a licensed attorney.") (citations omitted)); *see also* LCvR 17.1 ("Parties who are not natural persons may not appear pro se."). Moreover, "[a] power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law." *Brown v. Peter Francis Jude Beagle Law Office*, No. 08-3311-SAC, 2009 WL 536596 at *1 (D. Kan. March 3, 2009) (*citing DePonceau v. Pataki*, 315 F. Supp.2d 338, 341 (W.D. N.Y. 2004)). Ms. Fields, who is not a licensed attorney, cannot represent the All In One Project. Nor can Ms. Fields represent any of the plaintiffs in this action.

Although Ms. Fields could appear on her own behalf, she lacks standing to bring any claims in this action. The Complaint identifies no injury specific to her. *See, e.g., Whitington v. Ortiz*, 307 F. App'x 179, 191 (10th Cir. 2009) (pro se prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire DCOC system, or to sue directly or indirectly on behalf of anyone but himself"); *see also Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993) (To have standing, a plaintiff must state "specific facts connecting the

---

individual claims. To the extent she does, for the reasons set forth herein, those claims are dismissed for lack of standing.

5

allegedly unconstitutional conditions with [her] own experiences" and must "indicat[e] how the conditions caused [her] injury." A plaintiff "lacks standing to bring claims on behalf of others."). For all these reasons, this action is dismissed without prejudice as to the All in One Project and as to Ms. Fields, to the extent she purports to bring individual claims.[6]

B.  **Plaintiffs' Joinder**

Rule 20 of the Federal Rules of Civil Procedure governs joinder. Rule 20 allows multiple plaintiffs to join in an action when (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)-(2). The Court has discretion, however, to disallow joinder when it is infeasible or prejudicial. *See Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983); *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 at *1 (W.D. Okla. Feb. 1, 2007) (unpublished op.).

Judge Erwin found joinder was not feasible for a number of reasons including the complications that accompany multiple plaintiff-prisoner litigation and the fact that Plaintiffs otherwise failed to satisfy the standard for permissive joinder. *See* R&R at 3-8.[7]

---

[6] As Judge Erwin noted, "the All in One Project might have standing to pursue [claims] on behalf of its members." *See* R&R at 7 (*citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 181 (2000). That issue is not before the Court, however. Because the All In One Project is appearing without counsel, it is not allowed to proceed in this action and the Court need not reach the issue of membership standing.

[7] Judge Erwin based this conclusion, in part, on filing fee requirements of the Prison Litigation Reform Act (PLRA), but acknowledged that "[t]he Tenth Circuit Court of Appeals has not squarely decided this issue." *See* R&R at 3-4 & n. 4. The Court finds joinder is not feasible for reasons

6

With respect to the two prisoner applications for joinder pending at the time the Report and Recommendation was entered, *see* Applications [Doc. Nos. 17-18], Judge Erwin found the prisoners had similarly failed to satisfy the standard for joinder and their conclusory allegations were insufficient. *See* R&R at 8. Judge Erwin also found that of the Complaint's five counts, "[t]he only Count which mentions Plaintiff Simmons is Count III" and therefore, the standard for permissive joinder could not be satisfied. *See id.*, at 8-9. The Court agrees with Judge Erwin's analysis.

Moreover, Plaintiff Gwendolyn Fields and/or the All In One Project are the only Plaintiffs who objected to the Report and Recommendation. But the All In One Project cannot object to the Report and Recommendation because it is not represented by counsel. The remaining plaintiffs, by failing to object, waived their rights to appellate review of the factual and legal issues addressed in the Report and Recommendation. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059–60 (10th Cir.1996); 28 U.S.C. § 636(b)(1)(C).[8]

---

separate and apart from any issue related to filing fees and, therefore, finds it unnecessary to address that issue.

[8] Even if the Court were to consider the objection, the Court finds the arguments raised lack merit. The All In One Project primarily urges that joinder is proper because each of the Plaintiffs is a member of the All In One Project and, therefore, it has standing to proceed on behalf of the Plaintiffs. However, as discussed, because the All In One Project is not represented by counsel, it cannot proceed in this action. Alternatively, the All In One Project contends that filing fee requirements governing prisoner litigation should not preclude joinder. But filing fee requirements were only one of the bases upon which Judge Erwin found joinder not feasible. Judge Erwin addressed other practical difficulties associated with multi-prisoner litigation and the Court concurs with that analysis. *See also Bourn v. Geo Group, Inc.*, No. 11-cv-02628-BNB, 2012 WL 451286 (D. Colo. Feb. 13, 2012) (unpublished op.) ("Many federal district courts have found that the pervasive impracticalities associated with multiple plaintiff-prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)." (*citing Boretsky v. Corzine*, No.

Judge Erwin further recommended that all plaintiffs but Mr. Simmons be dismissed because Mr. Simmons had paid the filing fee. *See* R&R at 3. Subsequent filings before the Court, however, demonstrate that the All In One Project paid the $400 filing fee. *See* Notice [Doc. No. 36], ¶ 1.[9] As discussed, the All In One Project cannot proceed in this action without counsel. Because the record demonstrates Plaintiff Simmons did not pay the filing fee, he should be dismissed from this action along with the other Plaintiffs, without prejudice to each of the Plaintiffs refiling their claims in separate lawsuits.

**C.      Plaintiffs' Motion for Class Certification and Appointment of Counsel**

The All In One Project has also moved for class certification and the appointment of counsel. *See* Motions [Doc. Nos. 25 and 37]. For the reasons stated above, the All In One Project cannot appear in this action without counsel and, necessarily, therefore, the pending motions are not properly before this Court. *Cf. Citizens of New Mexico v. Aragon*, No. CV-15-0131, 2015 WL 12859405 at *1 (D. N.M. July 15, 2015) (unpublished op.) (denying motion for class certification filed by pro se plaintiff because "[a] litigant may

---

08-2265(EGB), 2008 WL 2512916 at *5 (D. N.J. 2008) (unpublished op.) (collecting cases)). Indeed, the objection filed by All In One Project underscores this point. *See* Obj. at 2 (addressing the "procedural problems" that accompany the "numerous and varied filings of *pro se* inmates"). The Court finds these practical difficulties preclude joinder. As noted supra, therefore, the Court finds it unnecessary to address any issue related to filing fee requirements.

[9] The printed receipt from the Clerk of Court identifies the payer of the filing fee as Plaintiff Simmons and states that the fee was paid in cash. *See* Receipt [Doc. No. 10]. Presumably, the finding in the Report and Recommendation that Plaintiff Simmons paid the filing fee is based on the printed receipt. *See* R&R at 3. However, the docket annotation accompanying the receipt states: "Receipt for Money Received from All Plaintiffs." That annotation is consistent with Ms. Fields' representation that the "All In One Project paid the $400 filing fee from contributions from its members" and that she "paid the filing fee in cash and in person on the day she filed the Complaint." *See* Notice [Doc. No. 36], ¶ 1.

bring his own claims to federal court without counsel, but not the claims of others"); *Assessment Technologies Institute, L.L.C. v. American Allied Healthcare LLC*, No. 11-2307-KHV, 2011 WL 13130838 at *1 (D. Kan. Sept. 30, 2011) (unpublished op.) (striking portion of motion seeking leave to file answer out of time that purported to be filed on behalf of corporation where corporation was not represented by counsel). As set forth above, the Interested Party filings "in support of class certification" filed by multiple prisoners who are not named in the Complaint are not properly before the Court as this time and otherwise, are wholly conclusory. Those filings, therefore, are stricken.

IT IS THEREFORE ORDERED as follows:

1. The Report and Recommendation is ADOPTED, in part, and the Court finds joinder of Plaintiffs in this action is not feasible.

2. Plaintiffs Simmons, Metoyer, Jr., Davis, Wiggins, Nubine, Robertson, Bowman, Green, Battles, Williamson, Franks, Carter, Johnson, Lawrence, Petzold, Coleman, Elledge and Hannah are dismissed from this action. The dismissal is without prejudice to each of the Plaintiffs refiling their claims in separate lawsuits.

3. All pending Applications requesting joinder in this action are denied.

4. To the extent Gwendolyn Fields pursues individual claims in this action, those claims are dismissed without prejudice for lack of standing.

5. The action is dismissed without prejudice as to the only remaining Plaintiff, the All In One Project, who cannot proceed in this action unrepresented by a licensed attorney.[10]

6. The pending Motion for Appointment of Counsel and Special Master and pending Motion for Certification of a Class Action and Appointment of Counsel, filed by the All In One Project, are stricken.

7. The Notices of Interested Parties are stricken.

IT IS SO ORDERED this 27th day of December, 2017.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[10] The All In One Project has expressly rejected any intention to be represented by counsel. It terminated Mr. Hellman's representation, and subsequent thereto, Ms. Fields purports to proceed as the representative of the All In One Project. Under these circumstances, no purpose would be served by allowing the All In One Project additional time to secure representation by a licensed attorney. Moreover, as discussed, subsequent to the Court granting Mr. Hellman's motion to withdraw, Mr. Eddy entered his appearance in this action, but did so expressly as counsel only for Plaintiff Glynn Simmons.